UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JULIAN BARLOG,<br>            Plaintiff,<br><br>    v.<br><br>DESIRRE RANALLO, *et al.*,<br>            Defendants.<br>_____ | )<br>)<br>)<br>)  Civil Action No. 3:25CV801(RCY)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

On September 30, 2025, Plaintiff Julian Barlog ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. The proposed filings also include a Motion for Reasonable ADA Accommodation, ECF No. 1-8, and a Motion for Preliminary Injunction, ECF No. 1-10. Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be granted. The Court will accordingly direct the Clerk to docket Plaintiff's Complaint and attendant exhibits and motions. However, the granting of Plaintiff's IFP Application notwithstanding, the Court finds that Plaintiff's claims suffer from defects that prevent the action from proceeding.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See*

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . . [Federal] Rule [of Civil Procedure] 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). Pursuant to § 1915's statutory screening obligation and with an eye towards its jurisdictional limitations, the Court has reviewed the operative Complaint.

## I. BACKGROUND

Plaintiff brings this action seeking compensatory and punitive damages for Defendants' alleged interference with his parental rights, conspiracy to conceal his children from him, defamation, and intentional infliction of emotional distress stemming from the same. Compl. ¶¶ 23–42. Specifically, Plaintiff alleges that on or about November 6, 2023, Defendant Desirre Ranallo left Haines, Alaska (where Plaintiff resides), with the three minor daughters she shares with Plaintiff, and took them to Export, Pennsylvania. *Id.* ¶ 9. On or about October 12, 2024, Defendant severed Plaintiff's contact with the children entirely and concealed the children by relocating to Richmond, Virginia, without informing Plaintiff. *Id.* ¶¶ 12-13. Defendant John Doe resided with Plaintiff in Richmond and aided her in the concealment of the children. *Id.* ¶¶ 13–14. Plaintiff alleges that Defendant Ranallo told her mother that Plaintiff "hit her" and that

she was very concerned for her safety. *Id.* ¶ 17 (citing Compl. Ex. C, ECF No. 1-6). Defendant Ranallo also shared photos of Plaintiff's children with Plaintiff's brother, but not directly with Plaintiff. *Id*. ¶¶ 19–20. Defendants' actions have caused Plaintiff severe emotional distress and psychological harm, including aggravation of documented PTSD. *Id.* ¶ 22.

## II.   JURISDICTIONAL ANALYSIS

Plaintiff asserts that the Court has jurisdiction in this action based on 28 U.S.C. § 1332, which authorizes federal courts to hear controversies based in state law provided that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

Here, Plaintiff's claims sound purely in state law. *See* Compl. ¶¶ 23–42 (asserting, in Counts I–V, the following: tortious interference with parental relationship (Count I); civil conspiracy (Count II); defamation *per se* (Count III); intentional infliction of emotional distress (Count IV); and concert of action (Count V)). Plaintiff asserts that this Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he is a citizen of Alaska, while Defendants Ranallo and Doe are citizens of Virginia who reside in this District, *id.* ¶¶ 3–4, 6–8, and because the amount in controversy exceeds $75,000.00, *id.* ¶ 3. While these jurisdictional allegations, at first blush, appear to check the boxes to enable this Court to exercise diversity jurisdiction, they are in fact deficiently pled.

First, Plaintiff alleges in a conclusory manner that Defendants are citizens of Virginia because they are residents of Virginia. And while residency is one factor courts consider in assessing citizenship of an individual, it is not definitive; rather, the definitive inquiry is where the individual is domiciled. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also* 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3611 (3d ed.

2009) ("an allegation of a party's residence alone is not sufficient, since . . . that is not equivalent to domicile or citizenship for subject matter jurisdiction purposes"); *id.* at § 3612 (3d ed. & Supp. 2016) (courts determine domicile by considering factors including residence; voter registration; location of personal and real property; location of bank accounts; place of employment or business; driver's license and automobile registration; and payment of taxes). Domicile is "established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians*, 490 U.S. at 48. Based on the allegations in Plaintiff's Complaint, particularly those concerning Defendant Ranallo's having lived in three different states in the last two years, it is not clear that Defendants intend to remain in Virginia. Moreover, the allegations in the Complaint suggest that Defendant Ranallo may yet intend to return to Alaska at some point in the future, and she harbored that intent even when she moved between states, further undermining a finding that her domicile has changed from Alaska to the place she presently resides. *Compare Mitchell v. United States*, 88 U.S. 350, 353 (1874) ("Mere absence from a fixed home, however long continued," does not mean that a certain domicile is destroyed), *with* Compl. ¶ 9 ("In early 2024, Defendant referenced plans to return to Haines, [Alaska] . . . .). Because the Complaint, as presently pleaded, does not establish that Defendant Ranallo's domicile has changed from Alaska, she remains a citizen thereof, and complete diversity is lacking.

In addition to the lack of complete diversity, Plaintiff's assertion that the amount in controversy exceeds $75,000.00 is conclusory and wholly unsupported by any other allegations in the Complaint. While Plaintiff alleges that he has suffered amorphous harm from Defendants' tortious and defamatory conduct, there are no facts alleged from which the Court may reasonably infer that any such conduct caused Plaintiff to suffer damages in an amount exceeding $75,000.00.

Thus, the Court finds that Plaintiff has also failed to plausibly allege facts to satisfy the amount in controversy requirement of § 1332.

Because Plaintiff's Complaint is deficient as to both the citizenship of the parties and the claimed amount in controversy, the Court cannot exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.  And because no independent basis for this Court's jurisdiction otherwise exists, the Court must dismiss the Complaint for lack of jurisdiction.

### III.  NO LEAVE TO AMEND

While Plaintiff theoretically may be able to remedy the above deficiencies through more particularized pleading, the Court nevertheless does not grant leave to amend, because it finds that abstention would nevertheless be appropriate under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). In exercising so-called *Burford* abstention,

> a federal court may properly decline to exercise its diversity jurisdiction . . . in a case involving elements of the domestic relationship, even when the parties do not seek divorce, alimony, or child custody, [if the case] presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar[.]

*Ankenbrandt v. Richards*, 504 U.S. 689, 705–06 (1992).  As described by the Supreme Court in *Ankenbrandt v. Richards*, "such might be the case [i.e., *Burford* abstention might be appropriate] if a federal suit, filed prior to effectuation of a divorce, alimony, or child custody decree, depended on a determination of the status of the parties."  *Id.* at 706.  Despite Plaintiff's reliance on *Ankenbrandt* for the proposition that this Court should not abstain from hearing this case because Plaintiff is not seeking divorce, alimony, or child custody, *see* Compl. ¶ 5, the Court finds that the relief Plaintiff seeks would necessitate determining questions of parental rights and the statuses of Plaintiff and Defendant Ranallo as custodial parents.  Thus, he is asking the Court to invade the provenance of the states to resolve his dispute with his wife over the location of and access to their

children. This the Court will not do. Accordingly, the Court finds that even if the elements of diversity jurisdiction were more fulsomely and properly pleaded, *Burford* abstention would be appropriate, and so leave to amend would be futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, will be granted. However, given the Court's holding that it is without subject matter jurisdiction over the controversy, the Court will dismiss the action, without prejudice. The Court accordingly does not reach Plaintiff's pending Motions.

An appropriate Order will issue.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: January 14, 2026
Richmond, Virginia